OPINION
Appellant Debra Crabtree appeals the decision of the Tuscarawas County Court that modified the magistrate's decision awarding her $200 by reducing the judgment in the amount of $72. The following facts give rise to this appeal.
Appellant was employed as a clerical employee at Appellee Laurel Valley Oil Company ("Laurel Valley") through April 24, 2000. Laurel Valley paid its employees on the fifteenth and last day of each month. At her time of hire, Laurel Valley informed appellant that any and all deficiencies in the cashier's drawer would be taken out of her paycheck. On February 29, 2000, after a few occasions where the cashier's drawer was short, Laurel Valley withheld $72 from appellant's paycheck.
Thereafter, on March 31, 2000, appellant filed a complaint, in Small Claims Court, alleging Laurel Valley failed to timely pay wages of $72 as required by R.C. 4113.15(A) and requested liquidated damages pursuant to R.C. 4113.15(B). Appellant received a paycheck from Laurel Valley, in the amount of $72, on May 2, 2000. Appellant amended her complaint on May 23, 2000. The magistrate conducted a pretrial conference on June 21, 2000, and ordered the parties to file briefs whereupon the magistrate would issue a ruling. Following the filing of their respective briefs, the magistrate issued a decision on December 19, 2000, ruling in favor of appellant and awarding her $200 in liquidated damages.
Laurel Valley filed objections to the magistrate's decision on January 2, 2001. On March 23, 2001, the trial court filed a judgment entry reducing the magistrate's order by $72. Appellant timely filed a notice of appeal and sets forth the following sole assignment of error for our consideration:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ALLOWING APPELLEE A $72.00 CREDIT AGAINST THE STATUTORILY IMPOSED PENALTY OF $200.00, ALL OF WHICH IS CONTRARY TO THE EVIDENCE BEFORE THE COURT.
 I
Appellant contends, in her sole assignment of error, that the trial court erred when it granted Laurel Valley a $72 credit against the statutorily imposed penalty of $200. We agree.
The statute at issue, R.C. 4113.15(B) provides, in pertinent part, as it pertains to liquidated damages:
 (B) Where wages remain unpaid for thirty days beyond the regularly scheduled payday * * * the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater.
Appellant maintains it is clear from the trial court's judgment entry that it found that appellant was entitled to $200 in liquidated damages, under the above statute, as a result of Laurel Valley wrongfully withholding appellant's paycheck for sixty-three days beyond the statutory period provided for in R.C. 5113.15(B). However, appellant argues the trial court wrongfully gave Laurel Valley a $72 credit against the $200 liquidated damages which appellant contends defeats the purpose of the statute. Further, appellant notes there is no statutory provision for such a credit.
In response, Laurel Valley maintains that under R.C. 4113.15, an employer is liable for liquidated damages when there is no dispute of any wage claim that accounts for non-payment. However, in this case, there was a disputed wage claim and therefore, it should not be responsible for said damages. Laurel Valley also maintains the trial court erred when it dismissed its claim that the payment of $72 was an accord and satisfaction.
In its judgment entry addressing Laurel Valley's objections, the trial court stated:
 The Court finds that the Defendant is entitled to a credit for payment previously made on or about May 1, 2000, in the amount of $72.00, and that the Plaintiff is entitled to judgment against the Defendant in the amount of $128.00 pursuant to Section 4113.15, Ohio Revised Code. Judgment Entry, March 23, 2001, at 1.
Clearly, the trial court concluded that appellant was entitled to the $200 in liquidated damages. However, in doing so, the trial court believed Laurel Valley was entitled to set off these damages with the $72 already paid to appellant. R.C. 4113.15 does not contain a set off provision. Further, section (B) of the statute provides that the damages are "in addition" to the amount of the claim. We agree with appellant that if set off was permitted, it would defeat the purpose of the statute.
Appellant's sole assignment of error is sustained.
For the foregoing reasons, the judgment of the County Court in Uhrichsville, Tuscarawas County, Ohio, is hereby reversed and judgment is entered, on behalf of appellant, in the amount of $200.
By: Wise, J., Hoffman, P. J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the County Court in Uhrichsville, Tuscarawas County, Ohio, is reversed and judgment is entered, on behalf of appellant, in the amount of $200.
Pursuant to App.R. 24(A)(3), Laurel Valley shall pay costs in this matter.